IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH LAMONT SMITH, Sr., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-5724 (JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY AND CORRECTIONAL STAFF, | **OPINION** |
| Defendant. | |

APPEARANCES:

Keith Lamont Smith, Sr., Plaintiff Pro Se
2024 N. 20th Street
Philadelphia, PA 19121

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

Plaintiff Keith Lamont Smith, Sr. seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") and Camden County Board of Freeholders. Complaint, Docket Entry 1.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint with prejudice for failure to state a claim and because it is time-barred. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff alleges that he was detained in the CCCF in 2010. Complaint § III. He further alleges that he was "subjected to sleep in a cell of 4 people" that was only designed for two people and forced to sleep on the floor. *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

2

n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A]

pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff seeks monetary damages from CCCF and the Camden

County Board of Freeholders for allegedly unconstitutional

conditions of confinement. Primarily, the complaint must be

dismissed as the CCCF is not a "state actor" within the meaning

of § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*,

726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is

not a "person" under § 1983). Accordingly, the claims against

CCCF must be dismissed with prejudice.

Generally, "plaintiffs who file complaints subject to

dismissal under [§ 1915] should receive leave to amend unless

amendment would be inequitable or futile." *Grayson v. Mayview*

*State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies

leave to amend at this time as Plaintiff's complaint is barred

by the statute of limitations, which is governed by New Jersey's

two-year limitations period for personal injury.[1] *See Wilson v.*

---

[1] "Although the running of the statute of limitations is
ordinarily an affirmative defense, where that defense is obvious
from the face of the complaint and no development of the record
is necessary, a court may dismiss a time-barred complaint sua

*Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*,

603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983

action is determined by federal law, however. *Wallace v. Kato*,

549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*,

773 F.3d 472, 480 (3d Cir. 2014).

"Under federal law, a cause of action accrues when the

plaintiff knew or should have known of the injury upon which the

action is based." *Montanez*, 773 F.3d at 480 (internal quotation

marks omitted). Plaintiff states he was detained at CCCF in

2010. The allegedly unconstitutional conditions of confinement

at CCCF would have been immediately apparent to Plaintiff at the

time of his detention; therefore, the statute of limitations for

Plaintiff's claims expired, at the latest, in 2012. Plaintiff

filed this case too late and it will be dismissed. As there are

no grounds for equitable tolling of the statute of limitations,[2]

the complaint will be dismissed with prejudice. *Ostuni v. Wa*

*Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam)

---

sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to
state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12
(3d Cir. 2013) (per curiam).

[2] Equitable tolling "is only appropriate '(1) where the defendant
has actively misled the plaintiff respecting the plaintiff's
cause of action; (2) where the plaintiff in some extraordinary
way has been prevented from asserting his or her rights; or (3)
where the plaintiff has timely asserted his or her rights
mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x
162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United
States*, 559 F.3d 189, 197 (3d Cir. 2009)).

(affirming dismissal with prejudice due to expiration of statute of limitations).

## V.   CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**October 19, 2016**                         **s/ Jerome B. Simandle**
Date                                                     JEROME B. SIMANDLE
                                                              Chief U.S. District Judge